**NEW BRUNSWICK FIRE INS. CO. et al. v. GIRDNER.**

**No. 3851.**

Court of Civil Appeals of Texas. Texarkana.
April 30, 1930.

Rehearing Denied May 8, 1930.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiffs in error.

Clark, Harrell & Clark, T. D. Starnes, and R. L. Porter, Jr., all of Greenville, for defendant in error.

LEVY, J. (after stating the case as above).

The New Brunswick Fire Insurance Company insists that the plaintiff was not entitled in the facts to any personal judgment or a foreclosure of the vendor's lien against it, because he had no interest in the policy of insurance at the time of the fire. There is no affirmative proof showing privity of contract between the plaintiff and the insurance company giving the right to the plaintiff to call upon the insurance company to make good the loss by reason of the injury to the mortgaged premises. There appears, however, the following agreement in the agreed facts: "The plaintiff by the purchase of the said notes thereby became and is the owner and equitably entitled to all the rights and interest of said J. J. Essary, if any, in said policy of insurance."

■■ The agreement appearing, as it does, to be the agreement of the insured, the second mortgagee, and the insurance company, all such parties would be bound thereby. In view of such agreement of the parties, the excess interest of J. J. Essary as second mortgagee in the funds arising under the policy was, in such amount as the court might determine his excess to be, by agreement allowable to the plaintiff, C. E. Girdner. A judgment so entered would be a recovery by the plaintiff, not for loss under the policy, for he held no policy or loss payable clause, but purely of the excess interest of J. J. Essary as second mortgagee which by agreement was allowable to plaintiff. The New Brunswick Fire Insurance Company of New Brunswick, N. J., was fully protected by such judgment ordering, as it does further, that E. E. West and J. J. Essary recover nothing against it. The judgment properly included the foreclosure of the lien retained to secure the payment of the two notes, because the insurance company was not entitled, as claimed in its answer, to subrogation, as far as pertains to the insured, E. E. West. As admittedly proven, the entire amount of the insurance covered by the policy of the New Brunswick Fire Insurance Company has been fully exhausted, considered in the view of a liquidated demand under the statutes (article 4929, Rev. St. 1925) because of destruction of the house by fire, in the payment on the loss payable clause to the Denison Building & Loan Association, as first mortgagee, and on the excess interest of J. J. Essary, as second mortgagee, by agreement allowable as against him to the plaintiff. There is no part of the fund left due or for which the insurance company would be in any wise liable to pay over to the insured, E. E. West. And it was within the authority of the court to decree foreclosure of such lien, although the note and lien of the Denison Building & Loan Association, as alleged by each of the insurance companies, were acquired by the two companies under the terms of the policies, which provided for subrogation upon payment of the mortgagees' loss "if the company should claim that as to the mortgagor or owner no liability existed." That pleading operated to put in issue the right of the plaintiff to have foreclosure on his lien against the insurance company claiming, as it did, to have a "lien which was superior to any claim or right of the plaintiff in this suit." As stated, subrogation under the policy could not be predicated on the second policy against E. E. West, the insured. Subrogation may not be predicated in the facts upon the first policy, because it was not alleged nor offered to be shown that the insurance company made claim that "no liability existed" on the policy as to J. J. Essary, who, as to that policy, was the insured as well as the mortgagor of the premises. The burden was upon the insurance company to allege and prove the necessary facts to entitle it to subrogation; and, in the absence of such proof, the court was authorized to conclude, as involved in the judgment, that in point of fact the right of subrogation under the policy did not exist.

■■ The New Brunswick Fire Insurance Company further claims that it was error, as being excessive in amount, to allow a recovery by the plaintiff against it of the sum of $1,384.50. In arriving at the amount of the judgment, the Insurance Company of North America was charged with $2,000 of the $2,115.50 due the Denison Building & Loan Association, and the balance of $115.50 was charged against the New Brunswick Fire Insurance Company, leaving $1,384.50, which was adjudged payable to the plaintiff by the New Brunswick Fire Insurance Company. In the agreed facts it appears that the mortgage indebtedness of the Denison Building & Loan Association, amounting to $2,115.50, was paid in full by the two insurance companies; the said two insurance companies each paying, under agreement between themselves, their pro rata of $903.22 and $1,204.48, respectively. The point presented entirely depends upon the determination of what amount, in the agreed facts, in the light of the plaintiff's pleading, C. E. Girdner was "equitably enti-

tled" to claim against the New Brunswick Fire Insurance Company under "all the rights and interest, if any, of said J. J. Essary in said policy of fire insurance." The equitable rule, generally stated, is that, if one creditor by virtue of a lien or interest can resort to two funds, and another to one of them only, the former must seek satisfaction out of that fund which the latter cannot touch. The foregoing rule may not be rightfully applied here, for the principle of marshaling securities applies only as between different creditors or mortgagees. The Denison Building & Loan Association, which was the other mortgagee, was not a party to this suit. Consequently, and in view of the agreement, the comparative rights of the parties in this case are to be measured by the circumstances shown. Measuring, in the circumstances, the right of J. J. Essary, and which right by agreement was allowable to C. E. Girdner, as his equitable right, the said J. J. Essary was entitled to have and recover, as second mortgagee, against the New Brunswick Fire Insurance Company the excess of $596.78, and to have and recover, as the insured, against the Insurance Company of North America the balance due under that policy of $795.52.

The above rights were the contractual right of J. J. Essary. It is clear, then, that C. E. Girdner has recovered the proper and full amount allowable to him, and that he has suffered no injury in any wise in the contractual right by reason of the payment of the Denison Building & Loan Association indebtedness in the manner done by the insurance companies. But recovery of this amount against one of the insurance companies alone was error in the case. The total amount should have been apportioned against each company in accordance with their respective contractual liabilities. In this view the assignment must be sustained, and the judgment against the New Brunswick Fire Insurance Company should be so modified as to allow recovery by C. E. Girdner against it of $596.78. Judgment was rendered in the trial court in favor of the Insurance Company of North America and against any personal recovery by C. E. Girdner; and, as there was no appeal by him from such judgment, this court is without authority to revise it in that respect.

The Insurance Company of North America claims that it was error to render judgment foreclosing the lien of the two notes against it, inasmuch as judgment was rendered in its favor. The judgment in its favor was intended to be, and operated to be, a denial of any personal judgment. The court did not err in directing the foreclosure of the lien against this company, because, as previously stated, the right of the plaintiff to have foreclosure of such lien was involved in the pleadings of the insurance company.

The judgment is modified so as to allow the appellee, C. E. Girdner, a recovery against the New Brunswick Fire Insurance Company in the sum of $596.78, and, as so modified, will in all things be affirmed. Costs of the appeal are taxed against the defendant in error, C. E. Girdner.

### On Motion for Rehearing.

The two insurance companies and C. E. Girdner all ask for a rehearing, and pray, in the alternative, that the cause be reversed and remanded. We grant the prayer of all the above parties to reverse and remand the cause, and accordingly the former order of affirmance is set aside, and instead the judgment will be reversed and the cause remanded, the costs of appeal to be taxed against C. E. Girdner.

It is claimed in the motion that J. J. Essary was not "the insured" in the first policy. The petition so alleges, but there is no affirmative evidence showing that he was. It is further claimed in the motion that the petition of C. E. Girdner did not authorize any judgment at all against the Insurance Company of North America nor a foreclosure of the lien as against either of the insurance companies.

The agreement appearing in the agreed facts was, we think, sufficient to authorize the court to allow to C. E. Girdner, as by agreement, the interest of J. J. Essary in the two policies. It was in virtue of this agreement only that we held in the original opinion that C. E. Girdner was entitled to have the interest of J. J. Essary, if any he had, in the policies of insurance.